**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4917**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NEHEMIAH D. LANGSTON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-04-58)

─────────────

Submitted: May 13, 2005          Decided: June 27, 2005

─────────────

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nehemiah D. Langston pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). On October 6, 2004, the district court sentenced Langston, over his objection based on Blakely v. Washington, 124 S. Ct. 2531 (2004), to 108 months' imprisonment to be followed by three years of supervised release.

Langston has appealed, challenging his sentence under Blakely, and the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), in which the Court applied the reasoning in Blakely to the federal sentencing guidelines. Langston seeks remand of his case to the district court for resentencing.

We conclude that Langston is entitled to be resentenced under Booker, as the Government concedes. As Langston raises no other issues on appeal, we affirm his conviction and vacate the sentence imposed by the district court.[1] On remand, the district court shall reconsider Langston's sentence in light of Booker.[2] We

_____

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Langston's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal).

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125

- 2 -

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines. <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. <u>Hughes</u>, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). <u>Hughes</u>, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.